1  Juanita Brooks (CA Bar No. 75934/brooks@fr.com)
   Jason W. Wolff (CA Bar No. 215819/wolff@fr.com)
2  Seth M. Sproul (CA Bar No. 217711/sproul@fr.com)
   FISH & RICHARDSON P.C.
3  12390 El Camino Real
   San Diego, CA 92130
4  Telephone: (858) 678-5070
   Facsimile: (858) 678-5099
5
6  David J. Miclean (CA Bar No. 115098/miclean@fr.com)
   Christina D. Jordan (CA Bar No. 245944/cjordan@fr.c0m)
7  FISH & RICHARDSON P.C.
   500 Arguello Street, Suite 500
8  Redwood City, CA 94063
   Telephone: (650) 839-5070
9  Facsimile: (650) 839-5071
10
11 Attorneys for Plaintiff GOOGLE INC.
12
13                UNITED STATES DISTRICT COURT
14             NORTHERN DISTRICT OF CALIFORNIA
15                     SAN JOSE DIVISION
16
                                    C 08. 04144 MEJ
17 GOOGLE INC.                      Case No.
18        Plaintiff,               **COMPLAINT FOR DECLARATORY
                                   RELIEF**
19     v.
20 NETLIST, INC.,                  **DEMAND FOR JURY TRIAL**
21        Defendant.
22
23
24
25
26
27
28

Dockets.Justia.com

# COMPLAINT

Plaintiff Google Inc. ("Google") hereby demands a jury trial and alleges as follows for its complaint against Netlist, Inc. ("Netlist"):

## PARTIES

1. Plaintiff Google is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

2. On information and belief, Defendant Netlist is a Delaware corporation with its principal place of business at 51 Discovery, Irvine, CA 92618.

## JURISDICTION AND VENUE

3. This action is based on the patent laws of Title 35 of the United States Code, § 1 *et seq.*, with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Google and Netlist that requires a declaration of rights by this Court.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Netlist because Netlist resides in the state of California. Further, this Court has personal jurisdiction over Netlist by virtue of Netlist's purposeful contacts with this district, including Netlist's substantial business conducted with customers residing in this district (including, but not limited to, Google); Netlist's maintenance of at least one sales representative within this judicial district; and Netlist's attempts to enforce a patent purportedly assigned to it against Google, an entity having a principal place of business in California, for allegedly infringing activities occurring in California.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this district. Venue is further proper because Netlist is subject to personal jurisdiction in this judicial district and is therefore deemed to reside in this district pursuant to 28 U.S.C. § 1391(c).

COMPLAINT FOR DECLARATORY RELIEF
Case No._____

**INTRADISTRICT ASSIGNMENT**

7.  Under Civil Local Rules 3-2(c) and 3-5, this action, being a declaratory judgment action based on patent claims, is appropriate for assignment on a district-wide basis.

**FACTUAL BACKGROUND**

8.  Defendant Netlist is listed with the United States Patent and Trademark Office ("PTO") as the assignee of record of U.S. Patent No. 7,289,386 ("the '386 patent") (Exhibit 1).

9.  Beginning in 2006, Google entertained business proposals from Netlist as a potential supplier for specific server memory devices used in certain Google servers.  Google tested server memory devices supplied by Netlist, but these memory devices proved to be unsuitable for Google's purposes.  For this reason, Google selected a different supplier for the server memory devices used in its servers.

10. In a letter dated May 5, 2008 (Exhibit 2), the President and CEO of Netlist, Chun Hong, wrote Google and asserted ownership of the '386 patent.  In the letter, Mr. Hong indicated that Netlist had reason to believe that Google was using Netlist's server memory technology, covered by the '386 patent, in Google's servers.

11. In a letter dated June 4, 2008 (Exhibit 3), the law firm of Morrison & Foerster, outside counsel for Netlist, sent Google a follow up letter reiterating the issues raised in the May 5, 2008 letter (i.e., Exhibit 2) and suggested that if Google would not engage Netlist as a supplier, Netlist would be forced to take "more formal steps" regarding the '386 patent and Google's use of separately sourced server memory devices.

12. In a letter dated June 19, 2008 (Exhibit 4), Netlist's outside counsel again reiterated many of the issues stated in its first and second letters (i.e., Exhibits 2 and 3) and stated that if Netlist did not promptly hear back from Google, it would have no alternative but to pursue "litigation" against Google regarding Netlist's intellectual property rights, the '386 patent, and Google's alleged use of its separately sourced server memory devices.

13. The breakdown of discussions between the parties regarding Netlist's ability to provide server memory devices for Google's servers, Netlist's assertion that Google is using Netlist's server memory technology protected by the '386 patent in Google's currently deployed server memory

COMPLAINT FOR DECLARATORY RELIEF
Case No._____

1 devices in certain Google servers, and the three increasingly hostile letters threatening action

2 regarding the '386 patent – the last letter specifically threatening litigation – establish that a

3 substantial controversy exists between the parties having adverse legal interests of sufficient

4 immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201(a) as to

5 the validity of Netlist's '386 patent and the alleged infringement of the server memory technology

6 currently used or planned to be used in certain Google servers.

7 ## FIRST CLAIM FOR RELIEF

8 ### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,289,386)

9     14. Google restates and incorporates by reference the allegations in paragraphs 1-13.

10     15. This is an action for declaratory judgment of non-infringement of any valid and

11 enforceable claims of the '386 patent.

12     16. Netlist has alleged and continues to allege that Google uses certain server memory

13 technology covered by the '386 patent. Netlist has threatened to resolve the matter through

14 litigation.

15     17. Google asserts that it has not infringed and does not infringe any valid and enforceable

16 claim of the '386 patent.

17     18. Therefore, an actual and justiciable controversy exists regarding the alleged infringement

18 of the '386 patent by Google. Google accordingly requests a judicial determination of its rights,

19 duties, and obligations with regard to the '386 patent.

20     19. A judicial declaration is necessary and appropriate so that Google may ascertain its rights

21 regarding the '386 patent.

22 ## SECOND CLAIM FOR RELIEF

23 ### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,289,386)

24     20. Google restates and incorporates by reference the allegations in paragraphs 1-19.

25     21. This is an action for declaratory judgment of invalidity of any and all claims of the '386

26 patent.

27

28

COMPLAINT FOR DECLARATORY RELIEF
Case No._____

1    22.  Google has an objectively reasonable apprehension that Netlist will bring a patent

2    infringement action against it based on the '386 patent based upon Google's use of certain server

3    memory technology in its servers.

4    23.  The claims of the '386 patent are invalid because they fail to comply with the conditions

5    and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35

6    U.S.C. §§ 101, 102, 103, and 112.

7    24.  Therefore, an actual and justiciable controversy exists regarding the validity of the '386

8    patent by Google.  Google accordingly requests a judicial determination of its rights, duties, and

9    obligations with regard to the '386 patent.

10    25. A judicial declaration is necessary and appropriate so that Google may ascertain its rights

11    regarding the '386 patent.

12    **PRAYER FOR RELIEF**

13    WHEREFORE, Google prays for judgment against Netlist as follows:

14    1.  That Google does not infringe any valid and enforceable claim of the '386 patent;

15    2.  That the '386 patent is invalid;

16    3.  That Google be awarded its reasonable costs and attorneys fees; and

17    4.  For such other relief as this Court deems just, reasonable and proper.

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28

COMPLAINT FOR DECLARATORY RELIEF
Case No._____

Dated: August 29, 2008

FISH & RICHARDSON P.C.

By: _____
Juanita Brooks (CA Bar No. 75934)
brooks@fr.com)
Jason Wolff (CA Bar No. 215819
wolff@fr.com)
Seth Sproul (CA Bar No. 217711
sproul@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

David Miclean (CA Bar No. 115098
miclean@fr.com)
Christina Jordan (CA Bar No. 245944
cjordan@fr.c0m)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
GOOGLE INC.

COMPLAINT FOR DECLARATORY RELIEF
Case No._____

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Civil Local Rule 3-6, Google demands a jury trial of all issues so triable.

Dated: August 29, 2008

FISH & RICHARDSON P.C.

By: _____
Juanita Brooks (CA Bar No. 75934
brooks@fr.com)
Jason Wolff (CA Bar No. 215819
wolff@fr.com)
Seth Sproul (CA Bar No. 217711
sproul@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

David Miclean (CA Bar No. 115098
miclean@fr.com)
Christina Jordan (CA Bar No. 245944
cjordan@fr.c0m)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
GOOGLE INC.

#505606074

COMPLAINT FOR DECLARATORY RELIEF
Case No._____